JOHN W. KEY v. THE STATE.

No. 14469.  Delivered November 13, 1931.

The opinion states the case.

*W. B. Howard,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating

liquor for the purpose of sale; the punishment, confinement in the penitentiary for three years.

Officers found in a secluded spot in a ravine two ten-gallon kegs of whisky. At the time of the discovery no one was near, and the officers stationed themselves in a hidden position for the purpose of apprehending the owner of the whisky. Appellant, one Lindop and a woman drove in an automobile at night to the point where the whisky was hidden. The officers testified, in substance, that Lindop was the first one to approach the whisky; that when he got within six feet of them they arrested him; that appellant and the woman were within six feet of the whisky when they stopped them; that appellant had some paper sacks in his hand with some fruit jars in them; that Lindop had a syphon hose around his neck; that the woman also had a paper sack with fruit jars in it; that there were a dozen half-gallon fruit jars in all in possession of the parties; that an examination of the contents of the kegs disclosed that both of them were practically full of whisky.

Lindop testified, in substance, that he and appellant had gone to Oklahoma and bought the whisky and placed it in the ravine; that they intended to sell it for $8 a gallon; that they were returning to the place where the whisky had been hidden with a syphon hose and some fruit jars for the purpose of getting some of the whisky when the officers arrested them. The automobile they were traveling in belonged to appellant.

Appellant accounted for his presence at the time of his arrest by the officers by saying that Lindop had told him that if he would carry him out there he would give him a drink of whisky, and that he had agreed to do so. He denied any other connection with the whisky and declared that he was not interested in it in any manner. He denied that he had any fruit jars in his hands at the time the officers made the arrest.

The court charged the jury that Lindop was an accomplice witness.

No bills of exception are brought forward. We deem the evidence sufficient to support the conviction. The accomplice witness made out a complete case against the appellant, and we think the evidence sufficient to corroborate him. If we eliminate from our consideration the testimony of the accomplice witness, we find the testimony of the officers to the effect that they arrested appellant in close proximity to the whisky with several fruit jars in his hand, and that the automobile driven to the ravine belong to appellant. Article 713, C. C. P., provides: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The opinion is expressed the corroboration found in the record meets the requirement of the statute above quoted.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.